■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EARL BOBERT JONES, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent. — Order reversed on the law, without costs of this appeal to either party, and matter remitted to Wyoming County Court for further proceedings not inconsistent with the memorandum. Memorandum: The relator has appealed from an order of the County Court dismissing his writ of habeas corpus after a hearing. The defendant was convicted of the crime of robbery in the District of Columbia. Thereafter, he was convicted of a felony in New York State and was sentenced

as a second felony offender under section 1941 of the Penal Law. The relator claims that his District of Columbia robbery conviction would not have constituted a felony conviction in this State, and thus he was not properly subject to multiple offender treatment. The Trial Judge dismissed the writ on the ground that although the foreign robbery conviction might not constitute a violation of the New York State robbery statutes, it would constitute a violation of our grand larceny statutes and thus be a felony in this State. We can envision factual situations which would constitute a crime under the foreign section in question but which would constitute no more than a misdemeanor in this State (*People* v. *Olah*, 300 N. Y. 96). The matter must be remitted to the County Court for a new hearing at which the court may examine the foreign information or indictment to determine the material and operative facts which constitute the criminal offense as defined by the foreign statute, and to decide whether the offense would constitute a felony if committed here (*People* v. *Love*, 305 N. Y. 722; *People* v. *De Veaux*, 7 A D 2d 622). All concur. (Appeal from an order of Wyoming County Court dismissing a writ of habeas corpus and remanding relator to the custody of the Warden of Attica Prison.) Present—McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.